Chief Justice Robertson
delivered the Opinion of the Court.
Cobb, a judgment creditor of Rhodes and McFerran, filed a bill against them and Roundtree, for subjecting a debt alleged to be due from him to Rhodes, and for enjoining the payment of it, in the mean time. And the hill having been taken for confessed against all three, a decree was rendered according to the prayer.
As to the indebtedness of Roundtree, the bill,although silent as to the precise amount of it, alleges that it exceeds that of the judgment. This is sufficiently certain to justify, in that particular, the decree, as rendered, for the amount of the judgment.
But in one essential particular the allegations are not, in our opinion, sufficient to authorize a decree on the bill pro confesso. The proceeding is altogether statutory, and the statute prescribes, as indispensable to the jurisdiction in such a case, that there shall have been a return, “by the proper officer,” of “no property” on a fieri facias. The bill alleges, that such an execution had been so returned. But the only execution exhibited was a fieri facias to Barren county, returned by an officer of that county; and, though the judgment was rendered in Edmondson county, there is no suggestion that any of the defendants resided in Barren; nor is there any intimation that a fieri facias had ever been issued to Edmondson.
It seems to us therefore, that, admitting all the allegations of the bill, and every proper judicial deduction from them, it does not appear that there had been such a fieri facias and such a return upon it by “the proper officer,” as are required by the statute, which should *24 certainly be understood as contemplating a return of “no property” by an officer of the county of the defendant’s residence or domicil, or of the county in which the judgment was rendered, when it does not appear that the defendant resides elsewhere. The only object of the statute was to aid a party who had, by a trial of the ordinary legal remedy, been unable to enforce his judgment, and who could shew that fact by an official return on the common execution against the estate of his debt- or. And surely all this does not necessarily appear from the allegations of the bill in this case.
Wherefore, the decree must be reversed, and the cause, remanded*